UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| QUANDA EDMOND | CIVIL ACTION NO.: |
| VERSUS | JUDGE: |
| VENTURE GLOBAL LNG, INC., VENTURE GLOBAL CCS PLAQUEMINES, LLC, ZACHRY INDUSTRIAL INC., JOHN DOE, & SIXTO ROBLES | MAGISTRATE JUDGE: |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

NOW INTO COURT, through undersigned counsel, come petitioners, VENTURE GLOBAL CCS PLAQUEMINES, LLC and VENTURE GLOBAL LNG, INC., which, with respect, represent:

### I. THE PARTIES

1.

This action arises out of injuries allegedly sustained by Plaintiff Quanda Edmond ("Edmond") at a jobsite located in Plaquemines Parish, Louisiana.

2.

On May 22, 2025, Edmond filed suit against Venture Global CCS Plaquemines, LLC and Venture Global LNG, Inc., Zachry Industrial Inc., Zachry Industrial Inc., John Doe, and an improperly joined party, "Sixto Robles," in the action entitled <u>Quanda Edmond v. Venture Global LNG, Inc., et al.</u>, No. 69765, 25th Judicial District Court, Plaquemines Parish, Louisiana.

## II.  RESERVATION OF ALL RIGHTS

3.

In removing this case, Venture Global CCS Plaquemines, LLC and Venture Global LNG, Inc. specifically reserve all rights, defenses, and objections available under state and federal law, including, but not limited to, improper venue, insufficient process, lack of personal jurisdiction, insufficient service of process, failure to state a claim upon which relief can be granted, prescription, improper joinder, and statutory immunity.

## III.  TIMELINESS OF REMOVAL

4.

Service of process was purportedly made upon both Venture Global CCS Plaquemines, LLC and Venture Global LNG, Inc. on June 6, 2025.

5.

This Notice of Removal is, therefore, timely under 28 U.S.C. § 1446.

## IV.  CITIZENSHIP OF THE PARTIES

6.

As of the date of the commencement of this action, plaintiff, Quanda Edmond, was a citizen of the State of Louisiana.  See Petition at p. 1, attached hereto as Exhibit "1".

7.

As of the date of the commencement of this action, defendant Venture Global CCS Plaquemines, LLC was a limited liability company. It is wholly owned by Venture Global LNG, Inc., a corporation incorporated under the laws of the state of Delaware with its principal place of business located in Virginia.

8.

As of the date of the commencement of this action, as stated above, defendant Venture Global LNG, Inc. is a corporation incorporated under the laws of the state of Delaware, and its principal place of business is located in Virginia.

9.

As of the date of the commencement of this action, Zachry Industrial Inc. is a corporation incorporated under the laws of the state of Texas, with its principal place of business located in the state of Texas.

10.

The citizenship of the fictitiously named John Doe can be disregarded for purposes of establishing the Court's diversity jurisdiction. 28 U.S.C. § 1441(b) (when a civil action is removed on the basis of diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded").

11.

As explained below, Sixto Robles is not a properly joined party.  Robles is entitled to immunity as he is the co-employee of Edmond, and Louisiana's Worker's Compensation Law is the sole remedy for claims against him.  Thus, Robles' citizenship can be disregarded for the purposes of establishing the Court's diversity jurisdiction.

12.

No change in the citizenship of any of the parties has occurred since the commencement of the action.

## V. SIXTO ROBLES IS AN IMPROPERLY JOINED PARTY

13.

The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003). As established by the Fifth Circuit in Smallwood v. Illinois Central Railroad Co., "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state, [non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state, [non-diverse] defendant." 385 F.3d 568, 573 (5th Cir. 2004); see also Cumpian v. Alcoa World Alumina, L.L.Co., 910 F.3d 216, 220 (5th Cir. 2018)(same).

14.

When determining improper joinder based on an inability to establish a cause of action against the non-diverse parties, the court may look to the facts established by summary judgment evidence as well as controlling state law. Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100 (5th Cir.1990). The court must determine whether "there is arguably a reasonably basis for predicting that state law might impose liability." Campbell v. Stone Ins. Inc., 509 F.3d 665 (5th Cir.2007) (citing Ross v. Citifinancial, Inc., 344 F.3d 458, 461 (5th Cir.2003)).

15.

In Louisiana, the Louisiana's Worker's Compensation Act ("LWCA") provides that if an employee "receives personal injury by accident arising out of and in the course of

his employment, his employer shall pay compensation in the amount, on the conditions, and to the person or persons hereinafter designated." La. R.S. 23:1031(A).  In exchange for compensation under the LWCA, "neither an employer nor a co-employee can be held liable in negligence for injuries the injured employee sustained within the course and scope of his employment." Gomez v. Debusk Indus. Servs. Co., 2006 WL 8456454, at *2 (E.D. La. Nov. 17, 2006); La. R.S. 23:1032. Therefore, the LWCA provides a statutory defense to tort claims from employees injured on the job. O'Steen v. Valero Ref.-Meraux, LLC, 2019 WL 1572670, at *4 (E.D. La. Apr. 11, 2019).

16.

In the instant case, Edmond's petition misstates key facts pertinent to this Court's jurisdictional inquiry. First, Sixto Robles and Edmond were both employed by Cajun Industries, LLC ("Cajun") at the time of the accident. See Exhibit 3, Decleration of Jacob Reichert. As Edmond and Robles were co-employees, Edmond's exclusive remedy for any alleged negligence on the part of Sixto Robles is workers' compensation. Schmit v. Tjitandi, 2016-1431 (La. App. 1 Cir. 6/2/17), 223 So. 3d 153, 156 ("it is well-settled that workers' compensation is an employee's exclusive remedy against his fellow worker and that the law extends tort immunity to co-employees").  Second, Robles was not acting as a "flagger" as alleged in the petition. Instead, he was a carpenter employed by Cajun and was also a passenger on the same bus as Edmond at the time of the accident. Id.

17.

Thus, because Edmond is unable to state a cause of action against Sixto Robles, his citizenship can be disregarded for purposes of establishing the Court's diversity jurisdiction.

## VI.  AMOUNT IN CONTROVERSY

18.

Edmond's petition alleges that she sustained "serious and permanent injuries." See Ex. 1 at ¶ 18.

19.

Edmond's petition seeks damages for "past and future physical and mental pain and suffering, past and future loss of enjoyment of life, past and future disability, permanent disfigurement, loss of past earnings, loss of future earning capacity, property damage…. [and] medical expenses, both past and future." Id.

20.

Based on the extent of the alleged physical injuries and the type of damages sought, Edmond's claims involve an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

21.

Accordingly, the Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because the real parties in interest are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, permitting this case to be removed to this court under 28 U.S.C. § 1441.

## VII.  ADMINISTRATIVE

22.

Zachry Industrial Inc. has expressly consented to this removal in writing and in accordance with 28 U.S.C. § 1446(b)(2)(A). See Exhibit 4.  Accordingly, all Defendants have joined and/or consented to the instant removal.

23.

Venture Global CCS Plaquemines, LLC and Venture Global LNG, Inc. file herewith a copy of all pleadings filed in this action, to wit:

    (a)    The Petition filed in *Quanda Edmond v. Venture Global LNG, Inc., et al.*, No. 69765-B, 25th Judicial District Court, Plaquemines Parish, Louisiana (attached hereto as Exhibit "1");

    (b)    A copy of the return of citation demonstrating the date of service on Venture Global CCS Plaquemines, LLC and Venture Global LNG, Inc. (attached hereto as Exhibit "2").

To the knowledge of Venture Global CCS Plaquemines, LLC and Venture Global LNG, Inc., no additional process, pleadings, or orders have been filed in this action.

24.

Venture Global CCS Plaquemines, LLC and Venture Global LNG, Inc. file and present herewith the sum of $400.00 as required by 28 U.S.C. §§ 1446 and 1914(a).

WHEREFORE, petitioners, VENTURE GLOBAL CCS PLAQUEMINES, LLC and VENTURE GLOBAL LNG, INC pray that this action be removed from the 25th Judicial District Court, Plaquemines Parish, Louisiana, to the United States District Court for the Eastern District of Louisiana.

        Respectfully submitted,

        COOK, YANCEY, KING & GALLOWAY
        A Professional Law Corporation

        By: *s/David J. Hemken*
            David J. Hemken, #35168
            Ashleigh Adams Valcho #39777

        333 Texas Street, Suite 1700
        P. O. Box 22260
        Shreveport, LA  71120-2260
        Telephone: (318)221-6277
        Facsimile: (318)227-7850
        david.hemken@cookyancey.com
        ashleigh.adams@cookyancey.com

        ATTORNEYS FOR VENTURE GLOBAL
        CCS PLAQUEMINES, LLC AND VENTURE
        GLOBAL LNG, INC

## **CERTIFICATE**

I HEREBY CERTIFY that a copy of the above and foregoing was filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management and/or that a copy of the same was served on opposing counsel by either electronic notification or by U.S. mail, postage pre-paid.

Shreveport, Louisiana, this 7th day of July, 2025.

                              *s/David J. Hemken*
                              OF COUNSEL