Case 2:25-cv-01394-SSV-EJD   Document 1-1   Filed 07/07/25   Page 1 of 6

ELECTRONICALLY FILED
2025 May 21 4:29 PM
00069765
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

69-765

| | | |
|---|---|---|
| QUANDA EDMOND | * | SUIT NUMBER:   DIVISION: 13 |
| | * | |
| | * | 25TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF PLAQUEMINES |
| VENTURE GLOBAL LNG, INC., | * | |
| VENTURAL GLOBAL CCS | * | STATE OF LOUISIANA |
| PLAQUEMINES, LLC, ZACHRY | * | |
| INDUSTRIAL INC., JOHN DOE, & | | |
| SIXTO ROBLES | | |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come petitioner, Quanda Edmond, an individual of the full age of majority and domiciled in Lafourche Parish, State of Louisiana (hereinafter, "Petitioner"), who respectfully represent that:

1.

Made defendants herein are:

A.  VENTURE GLOBAL LNG, INC. ("Venture Global"), upon information and belief, a company authorized to do and doing business in the State of Louisiana, whose registered agent for service is CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

B.  VENTURE GLOBAL CCS PLAQUEMINES, LLC ("Venture Global"), upon information and belief, a company authorized to do and doing business in the State of Louisiana, whose registered agent for service is CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

C.  ZACHRY INDUSTRIAL INC., upon information and belief, a foreign corporation doing business in the State of Louisiana, who can be served through its registered agent CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas, 75201;

D.  JOHN DOE, upon information and belief, a person of the full age of majority and is residing and/or domiciled in the State of Louisiana, but whose exact address is currently unknown; and

E.  SIXTO ROBLES, upon information and belief, a person of the full age of majority and is residing and/or domiciled in the State of Louisiana at 132 Jules Avenue, New Orleans, LA 70121

2.

The defendants herein are indebted unto petitioner for such damages as are reasonable in the premises, together with legal interest thereon, from date of judicial demand until paid, and for all costs of these proceedings, for the following non-exclusive reasons.

3.

On or about May 22, 2024, petitioner was lawfully operating a motor vehicle owned by Cajun Industries, LLC on the premises of the defendant, Venture Global, LNG construction site in Port Sulphur, Plaquemines Parish, Louisiana.

1

EXHIBIT
1

Case 2:25-cv-01394-SSV-EJD   Document 1-1   Filed 07/07/25   Page 2 of 6

ELECTRONICALLY FILED
2025 May 21 4:29 PM
00069765
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

4.

The collision occurred in the Parish of Plaquemines in Venture Global, LNG construction site in Port Sulphur, Louisiana.

5.

Upon information and belief, petitioner, Quanda Edmond, was lawfully driving her vehicle in Venture Global, LNG construction site in Port Sulphur, Louisiana, when suddenly and without warning, defendant, John Doe, who was proceeding behind the petitioner, in a vehicle owned by defendant, Zachry Industrial, Inc., failed to stop and violently rear-ended the vehicle petitioner was driving.

6.

As a result of the sudden and unforeseen collision, petitioner, Quanda Edmond, sustained bodily injuries that required medical attention and treatment.

7.

At the time and on the occasion in question, defendant, John Doe, failed to use ordinary care by various acts and omissions, including the following, each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

A. In driving in a careless fashion;
B. In failing to be attentive;
C. In failing to stop in a timely manner;
D. In failing to take action to avoid the collision;
E. In failing to properly drive his vehicle without causing a collision;
F. In failing to obey the traffic signal, signs, rules, regulations, ordinances and laws in effect at the time and place of the crash;
G. In failing to see what should have been seen;
H. In failing to keep a proper lookout; and
I. All other acts of negligence, which may be proven at the trial of this matter.

8.

Petitioner alleges that, upon information and belief, at all times pertinent herein, defendant, John Doe, was acting within the course and scope of his employment with defendant, Zachry Industrial, Inc. As such, defendant, Zachry Industrial, Inc., is liable for the negligent actions of John Doe under the premise of vicarious liability and *respondeat superior.*

9.

In addition to the aforementioned acts of negligence, petitioner alleges that, upon information and belief, at all times pertinent herein, defendant, Zachry Industrial, Inc. failed to

ELECTRONICALLY FILED
2025 May 21 4:29 PM
00069765
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

use ordinary care by various acts and omissions, including the following, each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

    A. In failing to properly train John Doe;
    B. In failing to properly supervise John Doe, and
    C. All other acts of negligence, which may be proven at the trial of this matter.

10.

At all relevant times, Defendants, Venture Global LNG, Inc. and/or Venture Global CCS Plaquemines, LLC (hereinafter referred collectively as "Venture Global) owned, operated, managed, and maintained the construction site located in Port Sulphur, Plaquemines Parish, Louisiana, where the collision at issue occurred.

11.

As the owner and operator of this large industrial construction site, Venture Global had a duty to exercise reasonable care in the management and operation of the premises, including the duty to ensure the safe and orderly flow of traffic within the site; to provide for the safety of employees, contractors, vendors, and other invitees on the premises; and to implement and enforce adequate traffic control measures and safety protocols to prevent foreseeable hazards arising from the movement of vehicles and heavy equipment on the premises.

12.

Given the scale and nature of operations at the site, including the constant ingress, egress, and circulation of large commercial vehicles, heavy machinery, and private vehicles of contractors and visitors, Venture Global knew or should have known that significant risks of serious traffic collisions existed if site traffic was not properly managed, controlled, and coordinated through effective traffic management systems, competent traffic control personnel, and enforced safety protocols.

13.

Venture Global further knew or should have known that the presence of dense and uncontrolled traffic within confined worksite roadways posed an unreasonable and foreseeable risk of harm to individuals such as Petitioner.

14.

Upon information and belief, despite these duties and foreseeable hazards, defendant, Venture Global, failed to use ordinary care by various acts and omissions, including the following,

Case 2:25-cv-01394-SSV-EJD   Document 1-1   Filed 07/07/25   Page 4 of 6

ELECTRONICALLY FILED
2025 May 21 4:29 PM
00069765
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

A. In failing to design or enforce an effective traffic management plan despite known heavy vehicular congestion at the site;

B. In failing to provide proper traffic control devices, signals, signage, or barricades to regulate internal site traffic;

C. In failing to employ a sufficient number of competent flaggers or traffic control personnel to guide vehicles safely through the worksite;

D. In failing to properly train and supervise the flagger(s) charged with directing traffic, including defendant, Sixto Robles;

E. In allowing an unreasonably congested and chaotic traffic condition to persist on the worksite;

F. In failing to exercise reasonable care in the operation and control of the premises; and

G. All other acts of negligence, which may be proven at the trial of this matter.

15.

Defendant, Sixto Robles, was, upon information and belief, was employed as a flagger or traffic control worker responsible for directing and managing vehicle and equipment traffic on the Venture Global construction site on the date of the incident and was the designated flagger tasked with overseeing traffic control at or near the scene of the collision.

16.

Defendant, Sixto Robles, owed a duty to perform his responsibilities in a safe, attentive, and competent manner so as to protect the safety of drivers and pedestrians within the site, including Petitioner.

17.

Upon information and belief, despite these duties and foreseeable hazards, defendant, Sixto Robles, failed to use ordinary care by various acts and omissions, including the following, each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

A. In failing to properly monitor, observe, and assess the traffic conditions developing within his area of control;

B. In failing to timely and effectively signal, stop, or warn the Zachry vehicle to prevent it from colliding with Petitioner's vehicle;

C. In failing to provide clear and safe direction to vehicles on the worksite, including both Petitioner's vehicle and the Zachry vehicle involved in the collision;

D. In failing to intervene, control, or de-escalate the chaotic and congested traffic conditions that existed at the time of the collision;

E. In otherwise failing to exercise the degree of skill, care, and diligence required of a reasonably prudent flagger or traffic control worker under the circumstances; and

Case 2:25-cv-01394-SSV-EJD   Document 1-1   Filed 07/07/25   Page 5 of 6

ELECTRONICALLY FILED
2025 May 21 4:29 PM
00069765
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

F.  All other acts of negligence, which may be proven at the trial of this matter.

18.

As a result of the above-collision, petitioner, Quanda Edmond, sustained serious and permanent injuries that have resulted in past and future physical and mental pain and suffering, past and future loss of enjoyment of life, past and future disability, permanent disfigurement, loss of past earnings, loss of future earning capacity, property damage, and the necessity that she incur medical expenses, both past and future, and for all equitable relief and damages available under Louisiana law that may be proven at the trial of this matter.

19.

Petitioner has not been fully compensated for damages sustained as a result of the accident herein sued upon.

20.

Petitioner respectfully requests that all defendants be ordered to pay all costs associated with these proceedings.

WHEREFORE, premises considered, petitioner, Quanda Edmond, prays that a copy of this petition be served upon the defendants, Zachry Industrial, Inc., Venture Global, John Doe, and Sixto Robles, in the manner prescribed by law and that, after due proceedings are had and after all legal delays, there be judgment in favor of petitioner, Quanda Edmond, and against defendants, Zachry Industrial, Inc., Venture Global, John Doe, and Sixto Robles, individually, jointly and *in solido*, for such damages as are reasonable in the premises, together with legal interest thereon, from date of judicial demand until paid, for all costs of these proceedings and for all other and further relief to which petitioner may be entitled.

Respectfully submitted:

CLAYTON, FRUGÉ, WARD & HENDRY
3741 La. Highway 1 South
Port Allen, Louisiana 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631
Email: dpenner@claytonfrugelaw.com

*/s/ D'Ann R. Penner*
_____
A.M. "Tony" Clayton (#21191)
Michael P. Frugé (#26287)
Richard J. Ward, III (#32267)
**D'Ann R. Penner (#35545)**
Michael C. Hendry (#35819)

5

Case 2:25-cv-01394-SSV-EJD   Document 1-1   Filed 07/07/25   Page 6 of 6

ELECTRONICALLY FILED
2025 May 21 4:29 PM
00069765
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

Brilliant P. Clayton (#36829)
Burgundy C. Hammond (#38646)
Nishant Bhushan (#39125)
Keondra Riley (#156586)
Chandler Agee (#39779)
*Attorneys for Petitioner, Quanda Edmond*

**PLEASE SERVE, CITATION, PETITION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS on:**

**VENTURE GLOBAL LNG, INC.**
Through its registered agent for service:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**VENTURE GLOBAL CCS PLAQUEMINES, LLC**
Through its registered agent for service:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**SIXTO ROBLES**
132 Jules Avenue
New Orleans, LA 70121

**PLEASE SERVE, CITATION, PETITION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS via long arm service on:**

**ZACHRY INDUSTRIAL, INC.**
Through its registered agent for service:
CT Corporation System
1999 Bryan Street, Ste. 900
Dallas, Texas, 75201