UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| QUANDA EDMOND | CIVIL ACTION |
| VERSUS | NO. 25-1394 |
| VENTURE GLOBAL LNG, INC., ET AL. | SECTION R (3) |

# ORDER AND REASONS

Before the Court is defendants KZJV LLC, Zachry Industrial Inc., and Jerry D. Kindley's (collectively, "KZJV defendants") unopposed motion for leave to file exhibits to their motion for summary judgment under seal.[1] For the following reasons, the Court denies the motion.

## I. LEGAL STANDARD

It is well established that "the public has a common law right to inspect and copy judicial records." *See SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981)). The right of access serves to promote "trustworthiness of the judicial process," check judicial abuses, and provide the public with "a more complete understanding of the judicial system." *Id.* at 849 (quoting

1 R. Doc. 66.

*Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)). Public access is essential to preserving confidence in the judicial system because allowing important judicial decisions to be made "behind closed doors" and then publicly announced "with the record supporting the court's decision sealed from public view" seriously jeopardizes that confidence. *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (citation modified).

The common law right of access to judicial records, though, "is not absolute." *Van Waeyenberghe*, 990 F.2d at 848. "A court may deny access to records if the records become a vehicle for improper purposes." *Holy Land*, 624 F.3d at 689 (citing *Nixon*, 435 U.S. at 597–98). When deciding whether to deny access to records, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848. This balance requires considering "the presumption in favor of the public's access to judicial records." *See id.* at 849; *see also June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) ("the working presumption is that judicial records should not be sealed"). The Court must use "caution" in exercising its discretion to seal public records. *See Holy Land*, 624 F.3d at 689. In other words, "the district court's discretion to seal the record of judicial proceedings is to be exercised

charily." *Van Waeyenberghe*, 990 F.2d at 848 (quoting *Fed. Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)); *see also Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021) ("In our view, courts should be ungenerous with their discretion to seal judicial records."). And any necessary sealing must be "congruent to the need." *June Med.*, 22 F.4th at 521.

Ultimately, the decision as to access is left to the discretion of the trial court, which must consider "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599. In making that decision, the Fifth Circuit has stressed the value of "detailed, clear, and specific findings" supporting sealing decisions. *United States v. Sealed Search Warrants*, 868 F.3d 385, 397 (5th Cir. 2017) (citing *United States v. Chavis*, 111 F.3d 892, 892 (1997) (per curiam) (unpublished)).

## II. DISCUSSION

The KZJV defendants move to file Exhibits 1-1 and 1-2 to their Motion for Summary Judgment under seal on the grounds that they contain confidential business information.[2] They assert that this business information that is essential to their ability to compete in the marketplace

[2] *Id.*

and to negotiate with vendors.[3] They also point out that the proposed exhibits contain confidentiality clauses and that they have not yet obtained consent to disclose these documents.[4] They assert that an order sealing the proposed exhibits is necessary to protect them from liability arising from disclosure of these documents without consent.[5] Finally, they argue that the proposed exhibits are already covered by the protective order in this case and that the Court should merely continue its protection of their confidential material.[6]

The KZJV defendants rely on *North Cypress Medical Ctr. Operating Co., Ltd. v. Cigna Healthcare*, which noted that sealing may be appropriate for material that "incorporate(s) confidential business information." 781 F.3d 182, 204 (5th Cir. 2015). But in that case, the Fifth Circuit found that sealing was not appropriate because the movant "[did] not identify any particular information . . . that may cause it harm." *Id.* The Fifth Circuit has since confirmed that "the bald assertion of competitive harm is insufficient" on a motion to seal. *Vantage Health Plan, Inc. v. Willis-Knighton Medical Center*, 913 F.3d 443, 451 (5th Cir. 2019). Indeed, courts require a

---

3 R. Doc. 66-1 at 2.
4 *Id.*
5 *Id.*
6 R. Doc. 66-1 at 2.

particularized showing of competitive harm on a motion to seal. *See, e.g.*, *Weiss v. Allstate Ins. Co.*, 2007 WL 2377119, at *4 (E.D. La. Aug. 16, 2007) (denying motion to seal because movant's "general assertion that it would be at a competitive disadvantage if another insurance company obtained these exhibits is not supported by any specific facts"); *Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.*, 2005 WL 1309158, at *2 (E.D. La. May 19, 2005) (requiring movant to provide "specifics as to what harm would come to them if this information were not sealed").

The Court finds that the KZJV defendants have failed to show that their interest in confidentiality outweighs the public's right of access. They suggest that their 373 pages of proposed exhibits contain confidential business information but fail to point to any specific information contained within them that would cause them competitive harm.[7] This "bald assertion of competitive harm" is insufficient to support the KZJV defendants' motion to seal. *Vantage Health Plan*, 913 F.3d at 451. The mere inclusion of confidentiality clauses in the proposed exhibits is also insufficient to support the motion to seal. *See, e.g.*, *Sacchi v. IHC*, 918 F.3d 1155, 1160 (10th Cir. 2019) ("Although [movant] has indicated that the contract contains a confidentiality clause, it has failed to submit any specific argument or facts

7 R. Docs. 66-3; 66-4.

indicating why the confidentiality of the contract outweighs the presumption of public access.”).

That the protective order covers the information in the proposed exhibits does not affect this analysis. The standard for a motion to seal is “far more arduous” than that for a protective order. *June Med.*, 22 F.4th at 521. Indeed, “[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the judicial record.” *Id.* Because the KZJV defendants have not met the higher standard for a motion to seal, the Court must deny the motion.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES the KZVJ defendants’ motion to seal.

New Orleans, Louisiana, this __31st__ day of August, 2026.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE