UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| QUANDA EDMOND | CIVIL ACTION |
| VERSUS | NO. 25-1394 |
| VENTURE GLOBAL LNG, INC., ET AL. | SECTION R (3) |

## **ORDER AND REASONS**

Before the Court is plaintiff's motion to continue (1) the submission date for the summary judgment motion of defendants Venture Global LNG, Inc.; Venture Global CCS Plaquemines, LLC; Venture Global LNG, Inc.; and Venture Global Plaquemines LNG, LLC ("the Venture Global defendants"), and (2) the submission date for the summary judgment motion of defendants KZJV LLC, Jerry D. Kindley, and Zachry Industrial, Inc. ("the KZJV defendants").[1] Alternatively, plaintiff seeks leave to file oppositions to defendants' motions under Federal Rule of Civil Procedure 6(b)(1) as well as relief under Federal Rule of Civil Procedure 56(d).[2] Defendants oppose the motion.[3]

---

1 R. Doc. 72.
2 *Id.*
3 R. Docs. 76; 77.

## I. BACKGROUND

This case arises out of a vehicular accident at a jobsite in Plaquemines Parish, Louisiana, that resulted in bodily injury to plaintiff Quanda Edmond.[4] On May 22, 2025, plaintiff filed suit in the 25th Judicial District Court for the Parish of Plaquemines against several individuals and entities operating on the jobsite, alleging negligence and vicarious liability.[5] On July 7, 2025, defendants removed the case to this Court under 28 U.S.C. § 1441, claiming diversity jurisdiction under 28 U.S.C. § 1332.[6] Plaintiff then amended her complaint several times, leaving two groups of defendants: the Venture Global defendants and the KZJV defendants.[7]

On November 6, 2025, the Court issued a Scheduling Order.[8] The Scheduling Order provided that "all non-evidentiary pretrial motions, including dispositive motions . . . shall be filed no later than August 18, 2026. Memoranda in opposition to motions with citations of authorities are to be filed no later than August 25, 2026."[9] On June 25, 2026, the Venture Global defendants filed a motion for summary judgment, arguing that they are

4 R Doc. 1 at 1.
5 R. Doc. 1-1.
6 R. Doc. 1.
7 R Docs. 26; 42; 49.
8 R. Doc. 22.
9 *Id.* at 2.

entitled to tort immunity under Louisiana workers' compensation law.[10] The motion was noticed for submission on August 19, 2026.[11] On July 29, 2026, the Court granted the parties' joint motion to continue and ordered that "all deadlines established in the scheduling order on November 6, 2025 that have not expired are reset."[12] The Court's order directed the parties to participate in a Scheduling Conference on August 13, 2026 for the purpose of rescheduling the deadlines. On August 4, 2026, the KZJV defendants filed a motion for summary judgment, also claiming tort immunity under Louisiana workers' compensation law.[13] The motion was also noticed for submission on August 19, 2026.[14] After the Scheduling Conference, the Court issued a new Scheduling Order on August 20, 2026, which provided that "all non-evidentiary pretrial motions, including dispositive motions . . . shall be filed no later than March 16, 2027. Memoranda in opposition to motions with citations of authorities are to be filed no later than March 23, 2027."[15]

Plaintiff did not file an opposition to either summary judgment motion by the August 19, 2026 submission date. Rather, nearly a month after the

---

10 R. Doc. 62.
11 *Id.*
12 R. Doc. 64 at 2.
13 R. Doc. 65.
14 R. Doc. 65-3 at 1.
15 R. Doc. 67 at 2.

submission date, plaintiff now argues that the summary judgment motions' briefing schedules are governed by the August 20, 2026 Scheduling Order.[16] Accordingly, plaintiff moves to continue the deadline to file her oppositions to the motions to March 23, 2027.[17] Alternatively, plaintiff moves for leave to file her oppositions under Rule 6(b)(1) and for relief under Rule 56(d).[18] Defendants oppose the motion.[19] The Court considers the motion below.

## II. DISCUSSION

### A. Motion to Continue

First, plaintiff moves to continue the submission dates of defendants' summary judgment motions to March 31, 2027.[20] Plaintiff argues that the July 29, 2026 continuance and the August 20, 2026 Scheduling Order reset the August 11, 2026 deadlines for her oppositions to March 23, 2027.[21] They did not. The Scheduling Order provides the last date by which non-evidentiary pretrial motions shall be filed, which coincides with the deadline

---

16 R. Doc. 72 at 2.

17 *Id.* at 3. The Court notes that plaintiff's Reply Memorandum appears to abandon this March date and instead requests that the Court continue the submission date for the oppositions to fourteen days from the date of the Court's order. R. Doc. 78 at 1–2. This does not affect the Court's analysis.

18 *Id.*

19 R. Docs. 76; 77.

20 R. Doc. 72 at 3.

21 R. Doc. 72.

for discovery.[22] Although it establishes a briefing schedule for motions filed on the deadline, it does not prohibit the filing of a motion before the expiration of this deadline. When a motion is filed before the deadline, the briefing schedule is governed by the Local Rules of this District unless the Scheduling Order provides to the contrary. Local Rule 7.2 provides that "counsel filing a motion must, at the time of filing, notice it for submission within a reasonable time." E.D. La. L.R. 7.2. Both groups of defendants did so when they filed their motions for summary judgment, setting each motion for submission on August 19, 2026.[23] And Local Rule 7.5 provides that the "party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." E.D. La. L.R. 7.5. Thus, plaintiff had until August 11, 2026, to file and serve her memoranda in opposition.

**B. Motion for Leave Under Rule 6(b)(1)**

Alternatively, plaintiff seeks leave to file her oppositions within fourteen days of the Court's order under Rule 6(b)(1). Rule 6(b)(1)(B) provides that a court may "extend the time on [a] motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R.

---

22 R. Doc. 67.
23 R. Docs. 62; 65.

Civ. P. 6(b)(1)(B). The Fifth Circuit has provided relevant factors for courts to consider in evaluating whether a party has shown excusable neglect under Rule 6(b)(1): "[1] the danger of prejudice to the non-movant, [2] the length of the delay and its potential impact on the judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 162 n.8 (5th Cir. 2006). Here, these factors weigh in favor of a finding of excusable neglect.

On the first factor, there is little danger of prejudice to defendants in granting plaintiff fourteen days' leave to oppose their motions. The Venture Global defendants do not allege prejudice, and the KZJV defendants only allege prejudice insofar as the delay will force them to stand trial or face discovery burdens.[24] The brief delay in allowing plaintiff to oppose defendants' motions will not result in such burdens and thus carries little risk of prejudice to defendants. Thus, the first factor weighs in favor of granting leave.

On the second factor, defendants' motions for summary judgment had been submitted for over a month when plaintiff filed this motion seeking relief. A one-month delay is "relatively short" and weighs in favor of the party

24 R. Doc. 77 at 10.

seeking relief under Rule 6(b)(1). *Theriot v. Building Trades United Pension Tr. Fund*, 2022 WL 2191668, at *3 (E.D. La. June 17, 2022). Further, the parties have not identified any effect this would have on the litigation other than postponing the Court's ruling on defendants' motions. Thus, the second factor also weighs in favor of granting leave.

On the third factor, plaintiff's only explanation for her delay is a misunderstanding of the Local Rules, the Scheduling Order, and the continuance.[25] This was within her control. The Local Rules provide that "every attorney permitted to practice in this court must be familiar with these rules." E.D. La. L.R. 83.2.7. Thus, this factor weighs against granting leave.

Finally, on the fourth factor, there is no indication that plaintiff did not act in good faith. Plaintiff claims that she interpreted the Scheduling Order to allow her to file oppositions to defendants' motions on March 23, 2027, nearly eight months after defendants' motions had been filed.[26] Though this interpretation was certainly unreasonable, there is no evidence that it was in bad faith. Courts have found counsel's failure to understand briefing schedules to be in good faith. *See Theriot*, 2022 WL 2191668, at *3. Further, after counsel for the Venture Global defendants contacted plaintiff's counsel

---

25 R. Doc. 72.
26 *Id.*

about her failure to oppose defendants' motions, plaintiff immediately filed this motion.[27] Thus, this factor weighs in favor of granting relief.

Because three out of four factors weigh in favor of a finding of excusable neglect, plaintiff is entitled to relief under Rule 6(b)(1).

**C. Motion for Relief Under Rule 56(d)**

Third, plaintiff seeks relief under Rule 56(d). Rule 56(d) provides that, if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

The Fifth Circuit has held that a party is entitled to relief under Rule 56(d) only if they "(1) requested extended discovery prior to the court's ruling on summary judgment; (2) placed the district court on notice that further discovery pertaining to the summary judgment motion was being sought; and (3) demonstrated to the district court with reasonable specificity how the requested discovery pertained to the pending motion." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994). As to the third requirement, the

27 R. Doc. 77 at 12.

party seeking relief "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010). Rather, she must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013).

Plaintiff argues that she requires the depositions of several witnesses in order to file her oppositions to defendants' motions.[28] She attaches to her motion a declaration from her counsel stating that plaintiff cannot present facts essential to justify her oppositions to defendants' motions without these depositions.[29] Plaintiff's counsel contends that her opposition requires the deposition of Jerry Kindley concerning whether he was acting in the course and scope of his employment at the time of the incident. He also contends that plaintiff requires the Rule 30(b)(6) depositions of several of the defendant entities regarding their subcontracting arrangements and relationships inter sese.[30]

---

28 R. Doc. 72.
29 R. Doc. 72-4.
30 *Id.*

The Court finds that plaintiff is entitled to relief under Rule 56(d). Both motions assert immunity under the Louisiana Workers' Compensation Law ("LWCL"), relying in part on the relationships between the defendant entities and defendant individuals.[31] Also relevant is whether defendant Jerry Kindley was operating within the scope of his employment at the time of the incident. Plaintiff's proposed depositions pertain to these issues and thus defendants' immunity under the LWCL. Thus, the court finds that plaintiff is entitled to additional time to conduct further discovery and file her oppositions. Plaintiff must complete any discovery necessary to respond to defendants' motions by December 31, 2026. Plaintiff's oppositions to defendants' motions for summary judgment will be due on January 7, 2027. Defendants will have one week to file their reply memoranda, if any, due on January 14, 2027. The motions will be deemed submitted on January 14, 2027.

---

[31] R. Docs. 62; 65.

**D. CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff leave to complete any discovery necessary to respond to defendants' motions by December 31, 2026. Plaintiff must file her oppositions to defendants' motions by January 7, 2027. Defendants must file memoranda in reply, if any, by January 14, 2027. The submission date for defendants' motions for summary judgment is reset to January 14, 2027.

New Orleans, Louisiana, this __14th__ day of October, 2026.

Sarah Vance
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE