UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| QUANDA EDMOND | CIVIL ACTION |
| VERSUS | NO. 25-1394 |
| VENTURE GLOBAL LNG, INC., ET AL. | SECTION R (3) |

# ORDER AND REASONS

Before the Court is the motion of defendants Venture Global Plaquemines LNG, LLC; Venture Global LNG, Inc.; and Venture Global CCS Plaquemines, LLC ("the Venture Global defendants") for (1) a stay of pretrial deadlines and (2) a protective order limiting discovery to statutory employer immunity and staying all discovery until the pending summary judgment motions in this case are decided.[1] Also before the Court is the motion of defendants KZJV, LLC; Zachry Industrial, Inc.; and Jerry Kindley ("the KZJV defendants") for (1) a stay of pretrial deadlines and (2) an order limiting discovery to statutory employer immunity.[2] Plaintiff opposes both motions.[3] For the following reasons, the Court grants both motions.

---

1 R. Doc. 84.
2 R. Doc. 80.
3 R. Docs. 88; 90.

## I. BACKGROUND

Plaintiff Quanda Edmond was injured in a motor vehicle collision on a construction site in Plaquemines Parish, Louisiana, on May 22, 2024.[4] The construction site was owned by defendant Venture Global Plaquemines LNG, LLC ("VGPL").[5] VGPL had entered into a contract with KZJV, LLC ("KZJV") to perform the engineering, procurement, and construction on the site ("the VG-KZJV Contract").[6] KZJV, in turn, had subcontracted a portion of its work to Cajun Industries, LLC ("Cajun").[7] At the time of the collision, plaintiff was employed by Cajun and was driving a vehicle owned by Cajun.[8] Plaintiff alleges that a vehicle operated by an employee of defendant Zachry Industrial, Inc. ("ZII"), rear-ended the vehicle that plaintiff was driving, causing plaintiff to suffer injuries.[9]

On May 21, 2025, plaintiff filed suit in the 25th Judicial District Court in the Parish of Plaquemines.[10] Plaintiff named as defendants Venture Global LNG, Inc. ("VGLNG"); Venture Global CCS Plaquemines, LLC

4 R. Doc. 1-1 at 2.
5 R. Doc. 61-2 at 1.
6 R. Doc. 65-5.
7 R. Doc. 65-6
8 R. Doc. 1-3.
9 R. Doc 1-1 at 2.
10 R. Doc. 1-1.

("VGCCS"); ZII; John Doe; and Sixto Robles.[11] In her complaint, plaintiff alleged that defendant John Doe's negligence in operating the ZII vehicle involved in the collision caused her injuries.[12] Plaintiff claimed that Doe's employer, ZII, was liable for Doe's negligent actions under the doctrine of *respondeat superior*, as well as for failing to properly train and supervise Doe.[13] Plaintiff also claimed that defendants VGLNG and VGCCS were negligent in their management and operation of the premises where the collision occurred.[14] Finally, plaintiff alleged that defendant Sixto Robles, a "flagger" employed on the construction site, acted negligently in failing to prevent the collision.[15]

On July 7, 2025, defendants VGCCS and VGLNG timely removed the case to this Court.[16] Defendant Sixto Robles was dismissed without prejudice for plaintiff's failure to effect service.[17] Plaintiff then amended her complaint several times, adding VGPL and KZJV as defendants and replacing John Doe with Jerry Kindley.[18]

---

11 *Id.* at 1.
12 *Id.* at 2.
13 *Id.*
14 *Id.* at 3.
15 *Id.* at 4–5.
16 R. Doc. 1.
17 R. Doc. 20.
18 R. Docs. 26; 42; 49.

On June 25, 2026, the Venture Global defendants filed a motion for summary judgment.[19] They argue that plaintiff's exclusive remedy against them lies in workers' compensation, not tort, because VGPL was plaintiff's statutory employer under the Louisiana Workers' Compensation Law ("LWCL").[20] Accordingly, they aver that they are immune from plaintiff's tort suit. Further, they contend that VGLNG and VGCCS are also immune as "Affiliates" of VGPL under the terms of the VG-KZJV Contract.[21] Alternatively, they argue that VGCCS was improperly named as a defendant and was not involved in the construction site or incident.[22]

On August 4, 2026, the KZJV defendants also filed a motion for summary judgment.[23] They also argue that they cannot be liable in tort because KZJV was plaintiff's statutory employer under the LWCL.[24] They contend that this tort immunity extends to ZII as a member of the joint venture KZJV and Kindley as an employee of the joint venture KZJV.[25]

Plaintiff failed to oppose the motions for summary judgment by the submission date and sought relief under Federal Rule of Civil Procedure

---

19 R. Doc. 62.
20 *Id.* at 2.
21 *Id.* at 3.
22 *Id.*
23 R. Doc. 65.
24 *Id.* at 1.
25 *Id.*

56(d) to conduct further discovery essential to her oppositions.[26] On October 14, 2026, the Court granted her relief under Rule 56(d) and ordered that she must (1) complete "any discovery necessary to respond to defendants' motions" on immunity by December 31, 2026, and (2) file her oppositions to the motions for summary judgment by January 7, 2027.[27]

On November 3, 2026, the KZJV defendants moved to (1) stay all pretrial deadlines and (2) limit discovery to that pertaining to statutory employer immunity and stay all other discovery.[28] On November 6, 2026, the Venture Global defendants filed a similar motion, seeking (1) a stay of all pretrial deadlines and (2) a protective order limiting discovery to statutory employer immunity and staying all discovery until the pending summary judgment motions are decided.[29] Both groups of defendants contend that plaintiff is impermissibly seeking discovery relating to issues beyond defendants' statutory employer immunity, in violation of the October Order. Plaintiff opposes both motions.[30]

The Court considers the motions below.

---

26 R. Doc. 72.

27 R. Doc. 79. The Court refers to this Order herein as "the October Order."

28 R. Doc. 80.

29 R. Doc. 84. The Venture Global defendants also note that they adopt the KZJV defendants' motion and memorandum. R. Doc. 84-1 at 18.

30 R. Docs. 88; 90.

## II. LEGAL STANDARD

Courts are "afforded broad discretion when deciding discovery matters." *Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 261 (5th Cir. 2011). Federal Rule of Civil Procedure 26(c)(1) provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters

Fed. R. Civ. P. 26(c)(1).

Rule 26(c)'s "good cause" standard also applies to requests to stay discovery. *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011). The

Fifth Circuit has held that, in deciding a motion under Rule 26(c), courts must "compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party." *Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016). They must also "weigh relevant public interests" in ruling on such a motion. *Id.* Further, courts have "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

Finally, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court has "broad discretion and inherent authority to manage its docket." *In re Deepwater Horizon*, 988 F.3d 192, 197 (5th Cir. 2021).

## III. DISCUSSION

Both groups of defendants contend that plaintiff impermissibly seeks discovery beyond the scope of the October Order. They attach to their motions plaintiff's amended notices of Rule 30(b)(6) corporate depositions, which provide the matters on which examination is requested and the documents to be produced.[31] These requests seek broad discovery on issues

---

[31] R. Docs. 80-3; 80-4; 84-3.

including defendants' insurance and indemnity policies,[32] defendants' processes for contractor selection,[33] whether defendants had notice of prior incidents,[34] the cause of the instant incident,[35] defendants' drug/alcohol screening policies,[36] defendants' safety policies,[37] defendants' hiring policies and documents,[38] and photographs of the incident,[39] among others. Further, plaintiff seeks the depositions of several fact witnesses who were allegedly witnesses to the incident.[40]

The Court finds that plaintiff's discovery requests far exceed the scope of discovery permitted by the October Order. In support of her motion for 56(d) relief, plaintiff proposed "staying merits discovery while allowing discovery on the statutory employer defense" and "targeted discovery on the immunity issues . . . [with] all other discovery sequenced as the Court directs."[41] The October Order granted plaintiff's Rule 56(d) motion based in part on that representation and allowed plaintiff to complete discovery

---

32 R. Doc. 80-3 at 3.
33 R. Doc. 80-4 at 3.
34 *Id.*
35 *Id.* at 5
36 *Id.*
37 *Id.*
38 *Id.* at 4.
39 *Id.* at 5.
40 R. Doc. 80-7.
41 R. Doc. 78 at 3.

"necessary to respond to defendants' motions," which the Court described as "assert[ing] immunity under the [LWCL]."[42] That plaintiff now seeks extensive discovery entirely unrelated to the immunity issues contravenes her prior representations as well as the language of the October Order. The Court will not allow such extensive discovery.

The Fifth Circuit has held that it is appropriate for district courts to limit the scope of discovery when a party has raised a preliminary dispositive issue. *See, e.g.*, *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010) ("[I]t would be wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach a determination on those merits."); *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022) (finding that district court abused its discretion by "subjecting the immunity-asserting defendants to [non-immunity] discovery in the meantime"). Further, courts routinely limit the scope of discovery when defendants assert immunity under the LWCL. *See, e.g., Chenevert v. Stolthaven New Orleans, LLC*, 2025 WL 3718146, at *4–5 (E.D. La. Dec. 23, 2025) (staying discovery pending ruling on summary judgment on LWCL immunity grounds); *Breaux v. Occidental Chem. Corp.*, 2026 WL 1020513, at *3 (E.D. La. Apr. 15, 2026) ("[W]hen dismissal is sought on the grounds of

---

[42] R. Doc. 79 at 10.

immunity, a stay of discovery is virtually routine."). Plaintiff herself proposed "targeted discovery on the immunity issues" and a stay of merits discovery pending resolution of the immunity issue.[43]

Plaintiff's arguments that defendants' representatives should be deposed only once, on both immunity and non-immunity issues, are without merit. If the Court finds that defendants are not immune under the LWCL, it may grant plaintiff leave to depose defendants' representatives on non-immunity issues. Further, plaintiff argues that immunity and liability turn on many of the same facts.[44] But it does not follow that discovery must therefore be open to all issues of liability; rather, the Court retains discretion under Rule 26(c) to limit discovery to that which is "necessary to respond to defendants' motions," as stated in the October Order.[45]

Accordingly, the Court finds that defendants have shown good cause for the protective order. Until the Court rules on defendants' summary judgment motions, discovery is limited to (1) whether KZJV subcontracted its work under the VG-KZJV Contract to Cajun; (2) whether KZJV and Cajun agreed in the KZJV-Cajun subcontract that KZJV is the statutory employer of Cajun's employees; (3) whether ZII is a member of the KZJV joint venture;

43 R. Doc. 78 at 3.
44 R. Docs. 88 at 3; 90 at 3.
45 R. Doc. 79 at 10.

(4) whether Kindley was performing the work of, employed by, or directed by the KZJV joint venture; (5) whether Cajun's transportation of workers was integral or essential to VGPL's ability to generate its goods, products, or services; (6) whether VGLNG and VGCCS are "Affiliates" of VGPL under the VG-KZJV Contract; and (7) whether VGCCS had any involvement in the facility or incident. Defendants are also entitled to a stay of all other discovery until the Court rules on their motions for summary judgment.

Finally, the Court finds that defendants are entitled to a stay of the pretrial deadlines listed in the Scheduling Order. Defendants have shown good cause under Rule 16(b)(4) because absent a stay, the current deadlines in the Scheduling Order would require them to engage in non-immunity discovery that will be moot if the Court grants their summary judgment motions. If the Court denies defendants' motions for summary judgment, the Court will reschedule the remaining pretrial deadlines to ensure that all parties have sufficient time to prepare for trial.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motions.

## V. PROTECTIVE ORDER

For the reasons stated, the Court limits discovery to (1) whether KZJV subcontracted its work under the VG-KZJV Contract to Cajun; (2) whether KZJV and Cajun agreed in the KZJV-Cajun subcontract that KZJV is the statutory employer of Cajun's employees; (3) whether ZII is a member of the KZJV joint venture; (4) whether Kindley was performing the work of, employed by, or directed by the KZJV joint venture; (5) whether Cajun's transportation of workers was integral or essential to VGPL's ability to generate its goods, products, or services; (6) whether VGLNG and VGCCS are "Affiliates" of VGPL under the VG-KZJV Contract; and (7) whether VGCCS had any involvement in the facility or incident. All other discovery is **STAYED** pending the Court's ruling on defendants' motions for summary judgment. Further, all remaining pretrial deadlines listed in the Scheduling Order are **STAYED** pending the Court's ruling on defendants' motions for summary judgment.

New Orleans, Louisiana, this 24th day of November, 2026.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE